UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually, :
:
        Plaintiff, : Case No. 2:15-cv-11256
v. :
:
:
GARLAND LODGE & RESORT LLC, a :
Illinois Limited Liability Company, :
:
        Defendant. :
_____/ :

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**(w/Jury Demand Endorsed Hereon)**

Plaintiff, MICHAEL MILES, Individually, (sometimes referred to as "Plaintiff"), hereby sue the Defendant, GARLAND LODGE & RESORT, LLC, an Illinois Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**PARTIES**

1. Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County of HANCOCK.

2. Defendant's property, GARLAND LODGE & RESORT is located at 4700 N. Red Oak Rd, Lewiston, MI 49756 in MONTMORENCY County.

**JURISDICTION AND VENUE**

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the

      judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Michael Miles is paraplegic and uses a wheelchair for mobility. MICHAEL MILES visits Lewiston and the surrounding area, including Montmorency County, Michigan, for golf trips and family vacations several times annually and has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Michael Miles is an avid golfer and has firm plans to return to the GARLAND LODGE AND RESORT to golf and stay as a hotel guest. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7.    Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits as a golfer and hotel customer, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a hotel customer, a golfer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as GARLAND LODGE & RESORT is located at 4700 N. Red Oak Road, Lewiston, MI in MONTMORENCY County.

9. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. MICHAEL MILES desires to visit GARLAND LODGE & RESORT not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal

enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of GARLAND LODGE & RESORT has shown that violations exist. These violations include, but are not limited to:

Parking

    A. Designated accessible parking spaces have no access aisles in violation of the ADA whose remedy is readily achievable.

    B. No designated accessible van parking spaces in violation of the ADA whose remedy is readily achievable.

    C. Some designated accessible parking are located on an excessive slope or cross slope in violation of the ADA whose remedy Is readily achievable.

    D. Some designated accessible parking have no striping in violation of the ADA whose remedy is readily achievable.

Accessible routes

    E. There is a ramp with no handrails within the interior route to guestrooms in violation of the ADA whose remedy is readily achievable.

    F. There is a ramp with no handrails to outdoor dining at hotel restaurant in violation of the ADA whose remedy is readily achievable.

    G. Threshold in excess of 1 inch at pro shop entryway in violation of the ADA whose remedy is readily achievable.

    H. There is no stable and slip resistant route to water fountain at Jacuzzi out building in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

I. The indoor swimming pool at the Facility does not provide any accessible means of entry, including no adaptive lift, in violation of the provisions of section 242.2 of the 2010 Standards for Accessible Design whose remedy is readily achievable.

J. The outdoor swimming pool at the Facility does not provide any accessible means of entry, including no adaptive lift, in violation of the provisions of section 242.2 of the 2010 Standards for Accessible whose remedy is readily achievable.

K. The large standalone Jacuzzi hot tub at the Facility does not provide any accessible means of entry in violation of the provisions of section 242.2 of the 2010 Standards for Accessible Design whose remedy is readily achievable.

L. There are tables provide at outdoor pool with no accessible seating and counter space in violation of the ADA whose remedy is readily achievable.

Outdoor pool restrooms

M. Toilet stall has insufficient clear floor space in violation of the ADA whose remedy is readily achievable.

N. There are no rear or side grab bars at toilet unit in violation of the ADA whose remedy is readily achievable.

O. Lavatory has exposed pipes with no insulation to protect for scalding in violation of the ADA whose remedy is readily achievable.

P. Shower has threshold in excess of a 5 inches in violation of the ADA whose remedy is readily achievable.

Q. Shower has no spray unit on a 59 inch hose with the requisite on/off control with a non-positive shut-off in violation of section 607.6 of the 2010 Standards for Accessible Design.

R. Shower soap dispenser mounted in excess of allowable reach range in violation of the ADA whose remedy is readily achievable.

S. Shower faucet controls require tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

Hotel Lobby Restroom

T. Coat hooks mounted in excess of allowable reach range in violation of the ADA whose remedy is readily achievable.

U. Flush control not located on open side of toilet unit in violation of the ADA whose remedy is readily achievable.

Guestroom

V.   The door to exterior patio has door hardware that requires tight clasping or twisting in violation of the ADA whose remedy is readily achievable.

W.   The thermostat is mounted in excess of allowable height range in violation of the ADA whose remedy is readily achievable.

X.   There is a utility counter/desk with insufficient knee clearance in violation of the ADA whose remedy is readily achievable.

Z.   Towel rack in guest bathroom mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

AA.   Closet storage, coat hooks, irons and other amenities mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

BB.   Toilet paper dispenser in guest bathroom is not mounted in compliance with the ADAAAG.

CC.   Toilet unit is too far from wall to centerline of unit in violation of the ADA whose remedy is readily achievable.

DD.   Toilet unit height is below accessible guidelines form the finished floor to the seat in violation of the ADA whose remedy is readily achievable.

FF.   Bathtub grab bars are not of proper dimensions and are not mounted in locations required per the ADAAG.

GG.   Bathtub has faucets located and mounted directly on the open side of the tub which impair the ability to transfer and these should not be on a tub in a designated accessible guestroom.

HH.   Shower faucet controls are not located in accordance with code whose remedy is readily achievable.

II.   Shower has no spray unit on a 59 inch hose with the requisite on/off control with a non-positive shut-off in violation of section 607.6 of the 2010 Standards for Accessible Design.

JJ.   Lavatory has exposed pipes with no insulation to protect for scalding in violation of the ADA whose remedy is readily achievable.

KK.   Lavatory does not have sufficient knee clearance in violation of the ADA whose remedy is readily achievable.

LL.   There are no designated accessible guestrooms fitted with a roll-in shower in violation of the ADA whose remedy is readily achievable.

MM.   There are an insufficient total number of designated accessible guestrooms in

       violation of the ADA whose remedy is readily achievable.

**The Golf Courses**

**Fountains, Swampfire and Monarch Golf Courses**

    NN,    Upon information and belief, there are barriers to handicap access at golf course restroom facilities and shelters, as well as other on-course facilities, that are not in compliance with ADA implementing regulations but are required and are readily achievable. Plaintiff requires further inspection of the facilities.

**Reflections Golf Course**

Restroom

    OO.    There are no rear or side grab bars at toilet unit in violation of the ADA whose remedy is readily achievable.

    PP.    Toilet unit height is below accessible guidelines form the finished floor to the seat in violation of the ADA whose remedy is readily achievable.

    QQ.    Door hardware requires tight clasping and twisting in violation of the ADA whose remedy is readily achievable.

    RR.    Dispensers are mounted in excess of allowable height in violation of the ADA whose remedy is readily achievable.

    SS.    Lavatory has exposed pipes with no insulation to protect for scalding in violation of the ADA whose remedy is readily achievable.

Storm Shelter House

    TT.    Storm shelter has insufficient clear floor area under the shelter per the 2010 ADAAG.

Shelter and Restroom

    UU.    There is a threshold at entryway in excess of 1/4 inch in violation of the ADA whose remedy is readily achievable.

    VV.    There are no rear or side grab bars at toilet unit in violation of the ADA whose remedy is readily achievable.

    WW.    Door hardware requires tight clasping and twisting in violation of the ADA whose remedy is readily achievable.

    YY.    Dispensers are mounted in excess of allowable height in violation of the ADA whose remedy is readily achievable.

    ZZ.    Lavatory has exposed pipes with no insulation to protect for scalding in violation of the ADA whose remedy is readily achievable.

    AAA.    Storm shelter has insufficient clear floor area under the shelter per the 2010 ADAAG.

<u>Adaptive Golf cart</u>

    BBB.    There is no adaptive golf cart available for disabled golfers at any of the resort's four courses whereas, golf carts are offered to able bodied golfers, in violation of the ADA whose remedy is readily achievable.

<u>Policies and procedures</u>

    CCC.    The resort operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

12.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<u>COUNT I</u><br><b>VIOLATION OF THE AMERICANS WITH DISABILITES ACT</b>

13.    Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14. GARLAND LODGE & RESORT, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

17. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 et seq.**

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. GARLAND LODGE & RESORT, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

20. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges, whereas, the Plaintiff was unable any bathroom facilities during play at the Reflections golf course. Furthermore, Plaintiff Miles incurred great personal expense to trailer his personal adaptive golf cart to GARLAND LODGE & RESORT due to the 4 course resort's failure to supply any adaptive carts for the use of disabled patrons. Additionally, Plaintiff Miles experienced significant barriers to parking and accessible routes throughout all parts of the resort. And the barriers to access at his designated accessible guestroom's bathtub was were especially non-compliant and exceedingly difficult to use.

21. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the

goods, services, facilities, privileges, and advantages to disabled persons.

## JURY DEMAND

Plaintiff demands a jury trial on liability and damages for Count II.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr. - dated: April 2, 2015
Owen B. Dunn, Jr., Esq. MI Bar Number P66315
Law Office of Owen B. Dunn, Jr.
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net