UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL MILES,

                Plaintiff,                      Case No. 15-cv-11256

v.                                          Honorable Thomas L. Ludington

GARLAND LODGE AND RESORT LLC,        Magistrate Judge Patricia T. Morris

                Defendant.
_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART
DEFENDANT'S OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND SCHEDULING STATUS CONFERENCE**

On April 2, 2015 Plaintiff Michael Miles initiated the present action against Defendant Garland Lodge and Resort LLC by filing his complaint. *See* Compl. ECF No. 1. Plaintiff Michael Miles is a parapalegic and uses a wheelchair for mobility. He alleges that while visiting Defendant's place of public accommodation, Garland Lodge and Resort located at 4700 N. Red Oak Road, Lewiston Michigan, he encountered architectural barriers and discriminatory policy in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1271 *et seq.* and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA") M.C.L. § 37.1302(a). On April 9, 2015 the matter was referred to Magistrate Judge Patricia T. Morris for general case management. *See* ECF No. 3.

After the close of discovery, on May 16, 2016, both parties filed motions for summary judgment. *See* ECF Nos. 21, 22. On December 1, 2016 the magistrate judge issued her report, recommending that Defendant's motion for summary judgment be granted in part and denied in

part, and that Plaintiff's motion for summary judgment be denied. *See* ECF No. 38. Defendant timely raised two objections: (1) the magistrate judge erred in finding that Plaintiff Miles had standing to bring suit and (2) the magistrate judge erred in determining that material questions of fact existed regarding which standard under the ADA governs Defendant's facilities. *See* ECF No. 38. For the reasons stated below, Defendant's first objection will be overruled and its second objection will be sustained. The report and recommendation will be adopted in part and rejected in part.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

At the summary judgment stage, the moving party has the burden of showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the

opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court need not accept unsupported or conclusory allegations. *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003). However, the Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## A.

In its first objection, Defendant argues that the magistrate judge erred in finding that Plaintiff Miles had established standing under the ADA. To establish Article III standing a plaintiff must establish three essential elements: (1) the plaintiff suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) the injury must be "fairly traceable to the challenged action of the defendant"; and (3) "it must be likely …that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Each of the standing elements "must be supported … with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561.

The parties' dispute centers on the first element of standing. To satisfy the "injury in fact" requirement in a case in which a plaintiff seeks injunctive relief, a plaintiff must do more than show the existence of past injuries. Instead, a plaintiff has the burden of demonstrating that he is under threat of suffering a real and immediate prospective injury. *See Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009); *City of Los Angeles v. Lyons,* 461 U.S. 95, 105 (1983). In an unpublished case, the Sixth Circuit has held that "a plaintiff demonstrates the requisite threat of future injury where he establishes (1) a plausible intent to return to the noncompliant

accommodation or (2) that he would return, but is deterred from visiting the noncompliant accommodation because of the alleged accessibility barriers." *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 580 (6th Cir. 2014).

Defendant argues that he magistrate judge erred in finding Plaintiff's intent to return to Garland Lodge both plausible and genuine. In determining whether a plaintiff's intent to return in genuine, courts consider a number of factors including "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definitiveness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the defendant." *Walker v. 9912 E. Grand River Assocs., LP*, No. 11-12085, 2012 WL 1110005, at *6 (E.D. Mich. Apr. 3, 2012). Where Defendant's place of business is a resort or hotel, such as in the present case, proximity is a less relevant factor.

Defendant first argues that Plaintiff's purported intent to return to Garland Lodge is unsupported and inconsistent with the evidence in this case. Prior to filing the present action, Plaintiff golfed at Garland Lodge on two separate occasions. Defendant notes that Plaintiff's affidavit in response to Defendant's motion for summary judgment does not state that he "will return again" to Garland Lodge, but that he "would like to" return to Garland Lodge. *See* Miles Dec., ECF No. 28 Ex. 10. Specifically, Miles states that "I would like to continue to return as a guest to the Garland Lodge and Resort but for the conditions at the property which violate the ADA." *Id*. at ¶ 13.[1] As discussed above, under the *Gaylor* standard a plaintiff satisfies the injury in fact requirement by showing *either* a plausible intent to return to the noncompliant accommodation *or* that he would return but for the alleged accessibility barriers. *Gaylor*, 582 F. App'x at 580. Therefore, the fact that Plaintiff stated that he would like to return but for the

---

[1] This contention is somewhat at odds with the fact that Plaintiff did in fact return to Garland Lodge on two separate occasions after filing the present lawsuit. These post-filing visits are irrelevant to the issue of standing, which turns on the facts at the time a suit is filed.

accessibility standards – as opposed to stating that he would definitely return – is legally sufficient.

Defendant also argues that the magistrate judge impermissibly considered all of Plaintiff's travels to northern Michigan, instead of considering only locations closer to Garland Lodge. This argument is without merit. Plaintiff, a resident of Ohio, has established that he travels to northern Michigan's "Golf Mecca" region at least one or two times each year for the purpose of golfing and enjoying the outdoors. Given that Plaintiff's trips are largely driven by the location of golf courses, the magistrate judge properly considered Plaintiff Miles' trips to locations across northern Michigan.

Based on his previous trips to Garland Lodge, his frequent trips to northern Michigan, his history as an avid golfer, and his allegations of accessibility barriers at Garland Lodge, the magistrate judge did not err in finding that Plaintiff had established a genuine intent to return to Garland Lodge. Defendant's first objection will be overruled.

**B.**

In its second objection, Defendant Garland Lodge argues that the magistrate judge erred in finding that questions of fact exist regarding the applicable ADA standard governing its facilities. The ADA prohibits places of public accommodation from discriminating against individuals on the basis of disabilities. 42 U.S.C. § 12182(a). There is no dispute that Garland Lodge is a place of public accommodation under the statute.

The ADA establishes different standards for facilities existing at the time of its passage and those designed and constructed for first occupancy after its passage on January 26, 1993. For existing facilities, discrimination includes the failure to remove architectural barriers where such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). On the other hand,

facilities designed and constructed for first occupancy after January 26, 1993 must conform to ADA requirement absent a showing of "structural impracticability." 42 U.S.C.A. § 12183(a). Structural impracticability exists only in "those rare circumstances when the unique characteristics of terrain prevent the incorporation of accessibility features." 28 C.F.R. § 36.401(c). Similarly, facilities that are "altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof" must conform to the ADA's requirements "to the maximum extent feasible." 42 U.S.C.A. § 12183(a)(2).

While Garland Lodge was constructed prior to 1993, Plaintiff Miles argues that the more exacting "structural impracticability" standard applies to portions of Garland Lodge that were rebuilt after a fire in 2001. Plaintiff's argument in this regard is based solely on a newspaper article issued by Petoskey News, which describes an electrical fire that damaged portions of the building. *See* ECF No. 21 Ex. J. The article generally states that a fire caused extensive damage to 10 out of the 32 guest rooms located in the south wing of the resort, and that the remaining 22 rooms suffered substantial water and smoke damage. From this article alone, Plaintiff alleges that a certain guestroom with a roll-in shower located in the south wing of the resort is subject to the heightened "structural impracticability" standard. However, the article does not detail the specific rooms that required repair, or the nature and extent of necessary repairs or renovations. The article in no way establishes that the mobility access room identified by Plaintiff required alterations that affected the usability of the room.

Plaintiff has not presented any further evidence or testimony in support of this argument despite being granted over seven months to conduct discovery in this matter.[2] As such,

---

[2] To the extent Plaintiff attempts to raise new, additional arguments for the first time in response to Defendant's objection, they will be disregarded.

Plaintiff's contention that the mobility accessible guestroom was "altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof" is mere speculation. 42 U.S.C.A. § 12183(a)(2). Because Plaintiff has not established a genuine question of fact as to whether the mobility access guestroom was renovated such that the heightened standard applies, Plaintiff has not met his burden at this summary judgment stage. Defendant's second objection will therefore be sustained, and the "readily achievable" standard applies as a matter of law.

## II.

Accordingly, it is **ORDERED** that Defendant's objections to the report and recommendation, ECF No. 39, are **SUSTAINED IN PART AND OVERRULED IN PART.** Defendant's first objection is overruled, while its second objection is sustained.

It is further **ORDERED** that the **READILY ACHIEVABLE** standard established under the ADA applies to all portions of Garland Lodge as a matter of law.

It is further **ORDERED** that the report and recommendation, ECF No. 38, is **ADOPTED IN PART AND REJECTED IN PART.**

It is further **ORDERED** that Plaintiff Miles' motion for summary judgment, ECF No. 21, is **DENIED.**

It is further **ORDERED** that Defendant Garland Lodge's motion for summary judgment, ECF No. 24, is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that an in person status conference with counsel only is **SCHEDULED** for **February 1, 2017 at 2:00 p.m**.

Dated: January 10, 2017  s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2017.

                                                s/Michael A. Sian
                                                MICHAEL A. SIAN, Case Manager